IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-830-NJR |
| ) | |
| ) | |
| WARDEN BROOKHART, DOCTOR ) | |
| PITTMAN, and SERGEANT PERDUE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jimmie Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Smith alleges Defendants were deliberately indifferent to injuries he sustained in a fall, in violation of the Eighth Amendment. Smith seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Smith makes the following allegations in the Complaint (Doc. 1): On October 30, 2019, Sergeant Perdue moved Smith from the lower cells to the upper cells (*Id*. at p. 5). He informed Perdue that he had a lower cell permit and could not carry his property up the stairs due to anemia and blood deficiencies. He also informed Perdue that walking up the stairs would make him dizzy. Perdue made him move his property up the stairs despite his complaints. Smith then informed Perdue that he needed to see a nurse because he was suffering from dizziness, but Perdue refused to call a nurse.

Later that day, while walking down the stairs on the way to chow, Smith became dizzy and lost his balance, falling down the stairs (Doc. 1, p. 5). He injured the right side of his head and leg as well as his spinal cord. He was taken to the healthcare unit where he was seen by a nurse who filled out a medical report. He saw Dr. Pittman and informed her that he had injuries to his head and leg, and that he twisted his spinal cord (*Id*. at p. 7). He also asked for pain medication, but she did not provide him with any medications. He also reported swelling in his head and an injury to his spinal cord, but she denied him an x-ray (*Id*.). He filled out offender request forms that he sent to both Dr. Pittman and Warden Brookhart informing them of his injuries and asking to be seen by a neurologist for the swelling in his head, but they never responded to the requests (*Id*. at p. 8). He continued to suffer pain from the swelling in his head and twisted spinal cord (*Id*. at p. 9).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Perdue for ignoring Smith's medical permit and refusing to call a nurse for his dizziness.**

> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Pittman and Warden Brookhart for denying Smith care for his injuries sustained in the fall.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Smith states viable claims in Count 1 against Perdue and Count 2 against Dr. Pittman and Warden Brookhart for deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016)

### Pending Motions

As to his motion for counsel (Doc. 3), Smith indicates that he has some college education. Although he states he was unable to find an attorney due to Covid-19, he fails to indicate whether or not he even wrote attorneys seeking representation. *See Pruitt v. Mote*, 503 F.3d 647, 654-5 (7th Cir. 2007). Accordingly, his request for counsel is **DENIED**. Should Smith choose to move for recruitment of counsel at a later date, the Court directs Smith to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. He should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Disposition

For the reasons stated, Count 1 shall proceed against Sergeant Perdue. Count 2 shall proceed against Dr. Pittman and Warden Brookhart.

The Clerk of Court shall prepare for Defendants Sergeant Perdue, Dr. Pittman, and Warden Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Smith. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Smith, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Smith, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Smith is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/14/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**